

**ORDERED in the Southern District of Florida on March 23, 2023.**



**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                                    Case No. 22-11703-EPK
                                                          Chapter 7

**CLAUDIA ASTRID HURTADO VARGAS,**

      Debtor.

_____/

**ROBERT C. FURR, chapter 7 trustee of the**
**estate of Claudia Astrid Hurtado Vargas,**

      **Plaintiff,**
v.                                                        Adv. Proc. No. 22-01164-EPK

**GENETIC & WOODS, INC.,** *et al.,*

      **Defendants.**

_____/

### <u>ORDER DENYING MOTION FOR SUMMARY JUDGMENT</u>

This matter comes before the Court on the *Plaintiff's Amended Motion for Summary Judgment* [ECF No. 67].  The plaintiff seeks summary judgment on all counts of the Amended Complaint [ECF No. 46] against all defendants.  The Court has reviewed the motion and its exhibits as well as the related documents filed at ECF Nos. 69, 82, 86, 88, 92, and 93, in light

of the summary judgment standard under Fed. R. Civ. P. 56, made applicable here by Fed. R. Bankr. P. 7056.

In the motion for summary judgment, the plaintiff concedes that the claims presented in the Amended Complaint are to some extent mutually inconsistent. Because of this, the Court cannot grant summary judgment in favor of the plaintiff on all counts as requested. The plaintiff did not seek partial summary judgment. In any case, the claims presented are sufficiently intertwined that, without specific argument in favor of partial summary judgment, it would be very difficult for the Court to fashion such a ruling.

The relief requested in count I requires the plaintiff to show that Claudia Vargas, the debtor in this case, acted with actual intent to hinder, delay, or defraud a creditor. In counts II and III, the plaintiff seeks relief on alternative theories, one of which would require the same proof of intent. For purposes of summary judgment, the debtor's affidavit [ECF No. 82-1] is sufficient to rebut the plaintiff's presentation on the issue of intent. The Court will not grant summary judgment where the credibility of witnesses is at issue.

A motion for summary judgment necessarily presents a limited record, devoid of the nuances of live testimony and without benefit of colloquy with counsel in the context of presentation of the evidence. The Court has discretion to deny a motion for summary judgment "in a case where there is reason to believe that the better course would be to proceed to a full trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Kennedy v. Silas Mason Co.*, 334 U.S. 249 (1948)); *United States v. Certain Real & Pers. Prop. Belonging to Hayes,* 943 F.2d 1292, 1297 (11th Cir. 1991) ("A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case would benefit from a full hearing.").

In light of the brevity of the responses to the plaintiff's motion for summary judgment, it seems likely the plaintiff will succeed to some extent in this case. However, having

carefully reviewed the Amended Complaint, the briefs, and the extensive exhibits, and taking into account the complex interplay among the several requests for relief, the Court firmly believes this case should proceed to a full trial.

For the foregoing reasons, the Court ORDERS and ADJUDGES that the *Plaintiff's Amended Motion for Summary Judgment* [ECF No. 67] is DENIED. The hearing scheduled on the motion at 11:00 a.m. on April 5, 2023 is CANCELED.

###

Copy to:

Jason S. Rigoli, Esq.

*Jason S. Rigoli, Esq. shall serve a copy of this order on all appropriate parties and shall file a certificate of service with the Court.*